# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, ) | CR-13-0846-TUC-JGZ (DTF) |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| Rick David McCracken, ) | |
| Defendant. ) | |

Pending before the Court is Defendant Rick David McCracken's Motion to Suppress Evidence (Doc. 43). The government responded in opposition (Doc. 49). This matter came before the Court for a hearing and a report and recommendation as a result of a referral, pursuant to LRCrim 5.1. Defendant's motion was set for evidentiary hearing and evidence was heard on January 27, 2014 (Doc. 46). Defendant was present and represented by counsel. This matter was submitted following oral argument at the conclusion of the hearing and taken under advisement.

Defendant's motion seeks to suppress evidence seized as the result of a stop and search. Having now considered the matter, the Magistrate Judge recommends that the District Court, after its independent review, deny defendant's Motion to Suppress.

**I.**

**FACTUAL FINDINGS**

On April 21, 2013, Border Patrol Agent ("BPA") Daniel Sturkie was assigned to the Border Patrol checkpoint on Arizona Highway 80, just north of Tombstone, Arizona. One of the responsibilities of BPA Sturkie was to monitor roads that could be used to circumvent the checkpoint. On this date, he was patrolling Road 687 ("687"), which is close to the Highway 80 Border Patrol checkpoint. It is common for narcotics smugglers to use 687 to circumvent the checkpoint.  687 has a single lane of travel and is not well maintained. There are very few residences or businesses on 687.

At about 2:25 pm, BPA Sturkie drove onto 687 from Dragoon Mountain Road. The entry to 687 was blocked by a closed cattle gate.  BPA Sturkie opened the gate and drove onto 687, leaving the gate open.  About this time, he noticed a gold Chevrolet Tahoe approaching him on 687.  According to BPA Sturkie, he drove approximately 100 feet past the cattle gate, pulled off to the side of the road and parked.  He then got out and stood near the front bumper of his vehicle. BPA Sturkie was dressed in a clearly marked border patrol uniform, but he was driving an unmarked Ford F-150 pickup truck.

When the Tahoe arrived at BPA Sturkie's location the driver, defendant Rick D. McCracken, rolled his window down.  According to BPA Sturkie, he had not signaled to the defendant to stop, nor had he made any gestures. The defendant's testimony was substantially similar to BPA Sturkie's, except for one significant fact.  The defendant testified that BPA Sturkie had parked his vehicle in the gate area, forcing him to stop.  The defendant claims he pulled to the side of 687, rolled his window down and was approached by BPA Sturkie.

Sometime after BPA Sturkie approached the open window of the defendant's Tahoe, BPA Sturkie smelled marijuana coming from the open window.

/ / /

/ / /

**II.**

- 2 -

Case 4:13-cr-00846-JGZ-DTF   Document 56   Filed 01/30/14   Page 3 of 4


## **DISCUSSION**

Defendant moves to suppress all evidence seized by government agents based solely on the argument the stop was unlawful. The defendant claims BPA Sturkie blocked the road with his vehicle, preventing him from passing. He acknowledges that BPA Sturkie did not direct him to stop. The government responds that BPA Sturkie had not blocked the road, rather he had pulled fully off the road. Thus, they argue the initial contact with the defendant was consensual, not a stop.

"Not every encounter between a police officer and a citizen is a seizure." *United States v. Faulkner* 450 F.3d 466, 469 (9th Cir. 2006). "Even when law enforcement officers have no basis for suspecting a particular individual, they may pose questions, ask for identification, and request consent to search luggage – provided they do not induce cooperation by coercive means." *United States v. Drayton*, 536 U.S. 194, 201 (2022)(citation omitted).

This case largely turns on whether BPA Sturkie parked in the gate, blocking the defendant, or off the road, which would have permitted the defendant to pass. This Court finds the testimony of BPA Sturkie to be credible. He explained that he was standing in front of his truck for officer safety because he did not want to be trapped if the Tahoe occupants intended him harm. The defendant testified that BPA Sturkie stood in the front of the truck as it blocked the cattle gate, a very vulnerable position. Moreover, BPA Caspar testified that he arrived at the scene about ten minutes after BPA Sturkie asked for assistance. BPA Caspar saw the Tahoe stopped on 687 and BPA Sturkie's truck parked off the road, just as described by BPA Sturkie. BPA Sturkie resumed the stand and confirmed the vehicles were not moved before BPA Caspar arrived.

The position of these vehicles along with the testimony of BPA Sturkie makes it clear BPA Sturkie did not direct the defendant to stop; rather the defendant voluntarily stopped his Tahoe. The defendant alternatively argues the position of BPA Sturkie standing in front of his truck on a rural road would have caused a reasonable person to believe they had to stop.

1  The Court disagrees. All the testimony agrees that BPA Sturkie was merely standing next
2  to his truck. He made no gestures. His mere presence outside his vehicle for officer safety
3  is not tantamount to an order to stop.
4      Accordingly, the Court finds the defendant voluntarily stopped his vehicle and
5  conversed with BPA Sturkie.

## III.

## RECOMMENDATION

In view of the foregoing, it is recommended that, after its independent review of the record, the District Court DENY Defendants' Motion to Suppress. (Doc. 43.) Pursuant to Federal Rule of Criminal Procedure 59(b)(2), any party may serve and file written objections within 14 days of being served with a copy of this Report and Recommendation. A party may respond to the other party's objections within fourteen days. No reply brief shall be filed on objections unless leave is granted by the district court. If objections are not timely filed, they may be deemed waived. The parties are advised that any objections filed are to be identified with the following case number: **CR-13-0846-TUC-JGZ.**

DATED this 30th day of January, 2014.

D. Thomas Ferraro
United States Magistrate Judge

- 4 -